BARTHOLOMEW *v.* SALVATION ARMY.

1. TRUSTS—POWER TO CONVEY.

Where trustee had power to transfer to beneficiary or to his children, or either of them, whole or any part of trust funds or property, trust funds did not belong to said children, but they belonged to trust estate with power in trustee to pay and transfer them to beneficiary or to his children or either of them.

2. Mortgages—Foreclosure—Rights of Remaindermen—Redemption—Estoppel.

> Where remaindermen joined with life tenant in mortgaging property, and, on foreclosure and expiration of redemption period, aided in conveying it to life tenant and wife, claim of remaindermen that said conveyance was mere redemption from mortgage foreclosure is without merit, since it created estate by entireties, which is inconsistent with and repugnant to any interest of remaindermen, and they are therefore estopped from complaining of result they aided to produce.

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted October 29, 1930. (Docket No. 174, Calendar No. 35,253.) Decided February 27, 1931.

Bill by Clarence C. Bartholomew and others against the Salvation Army, a Michigan corporation, to declare the interests of the parties in certain real estate. Decree for plaintiffs. Defendant appeals. Reversed.

*Robert M. Brownson* (*Kenneth Murray,* of counsel), for plaintiffs.

*Henry H. Roberts* (*Clark, Klein, Ferris, Cook & Williams* and *Frank I. Kennedy,* of counsel), for defendant.

Clark, J. Albert M. Bartholomew died in 1884, leaving a will by which he devised and bequeathed a portion of his estate to trustees to have rents, income, and profit for use and benefit of his son, William E. Bartholomew, or his issue or children as to trustees shall seem best, and to pay or transfer, if trustees shall deem advisable, to said William E. or to his children, or either of them the whole or any part of the trust funds or property.

The family of William E. was his wife, Alice E., and their children, Clarence C., John B., Grace A.

(who died in 1902 unmarried and without issue), Sarah Lois, Maud M. Locklin (mother of plaintiff Vivian G. Dauer and now deceased), and Florence E. Thomas.

In the course of time the trustees named were succeeded by the wife of William E., said Alice E. Bartholomew, as sole trustee. In 1899, in execution of the trust, she conveyed home property, lot 7, north of Fort street, of the plat of C. Moran farm, Detroit, to William E. Bartholomew for life, with remainder over to the six children above named. In the same year, William E. and Alice E., his wife, and the six children named, who, it appears, were of full age, joined in mortgaging the property described to Leonard D. Jenney for $2,000. Default soon followed, as did foreclosure and sale, and purchase by Jenney. The period of redemption expired and Jenney had title.

Soon thereafter, and on September 14, 1903, William E. and his wife, Alice E., and children, who, with William E., were all the surviving beneficiaries of the trust, conveyed by deed a certain lot 12, trust property, to Jenney, and on the same day Jenney and wife entered into a land contract, with William E. and Alice E., his wife, as purchasers, covering both said lots 7 and 12, the purchase price being $2,587.50, a very little more than the amount paid by Jenney as purchaser at the mortgage sale.

In February, 1906, lot 12 was sold and conveyed by the Jenneys and by William E. and Alice E., his wife, and the proceeds, $368.19, applied on the contract. The purchasers were soon in default and the Jenneys in 1907 filed bill to foreclose the land contract. To raise money, Alice E., as trustee, sold and conveyed other trust property to one Carroll and William E. and Alice E., his wife, and the re-

maindermen, children surviving, also joined in conveying. The funds were handled by the attorney for the said grantors, and he paid to the Jenneys the whole sum then due on the contract, $2,745.08, and the Jenneys accordingly deeded, on December 9, 1908, said lot 7 to William E. and Alice E., his wife, which deed was recorded December 18, 1908.

Alice E. Bartholomew died August 10, 1910. William E. Bartholomew died August 30, 1919, leaving a will by which he devised and bequeathed comparatively small sums to his children, Sarah Lois, John B., Clarence C., and Maud M., and the full residue to Florence E. and Sarah Lois. In the inventory of his estate was included said lot 7. In August, 1923, Florence E. and Sarah Lois, as residuary legatees under the will, conveyed by deed lot 7 to Harry L. Schellenberg, who died December 23, 1924. By his will, lot 7 was devised to defendant, the Salvation Army.

Plaintiffs Clarence C. and John B. Bartholomew and Vivian G. Dauer, daughter of Maud M., deceased, filed this bill to have decree that the deed by the Jenneys to William E. and Alice E., his wife, of lot 7 was a mere redemption from the mortgage foreclosure and for the benefit of the remaindermen. Plaintiffs had decree. Defendant has appealed.

Plaintiffs offer no contribution of any share of the sum paid to the Jenneys to procure the land contract and later the deed for lot 7, for the reason, as they say, that the life tenant paid nothing of his own, but trust funds were used. The trust funds did not belong to the children of William E. Bartholomew or to plaintiffs. They belonged to the estate with power in the trustee to pay and transfer them to William E. or to his children or either of them.

Plaintiffs invoke the rule that a life tenant who allows the property to be sold for satisfaction of an incumbrance cannot acquire title adverse to remaindermen by purchasing at the sale or through an intermediary or by obtaining title acquired by another purchaser at such sale.

Passing the question of laches, we think plaintiffs estopped to invoke such rule.

The Jenneys did not convey to William E. Bartholomew, the life tenant. They by contract agreed to convey and later did convey by deed to William E. Bartholomew and Alice E. Bartholomew, his wife. This created an estate by entireties, and the survivor would succeed to the whole title, so that if William E. died first, Alice E. would have whole title. Such conveyance is inconsistent with and repugnant to any thought of remainder over to plaintiffs. Plaintiffs, the children, the remaindermen, aided in producing such conveyance to William E. and Alice E. Alice E. was not a beneficiary of the trust. She could not use trust funds to procure title in herself or in herself and husband. So the conveyance of lot 12 was by all parties in interest, including remaindermen, the children, to Jenney, and the purpose of the deed was to devote such property to the contract of purchase of lot 7 in favor of William E. Bartholomew and Alice E., his wife, and the money arising from sale of lot 12 was so used.

Again, the money to pay up the contract and to take deed of lot 7 in name of William E. and Alice E., his wife, was provided by a sale of trust property in which all parties in interest, including the remaindermen, the children, joined in conveying. And the attorney for the grantors in such conveyance, the remaindermen, the children, actually paid

the money that deed might pass of lot 7 to William
E. and Alice E., his wife.

The remaindermen actively, and on. this record
knowingly, cut off right of remainder. Plaintiffs,
as remaindermen, are estopped to complain of a
result they thus aided to produce.

Reversed. Bill dismissed, with costs.

BUTZEL, C. J., and WIEST, McDONALD, POTTER,
SHARPE, NORTH, and FEAD, JJ., concurred.